

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00187-CR

_____

TOMMIE LOYD PRATER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 21975

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Tommie Loyd Prater has brought eight separate appeals from eight jury convictions for various sexual crimes against three of his children. In this appeal, from trial court number 21975, he was convicted of indecency with a child by sexual contact.

Prater has filed a single brief addressing all of his appeals. This contention is common to five of the convictions, for acts involving A.C.P., his fifteen-year-old daughter.[1] The evidence generally shows multiple sexual encounters with this victim, over a period of approximately three months.

Prater contends that, in the prosecutions for various sexual activities involving A.C.P., the trial court erred in allowing the introduction of hearsay statements through the testimony of Judith Hart, a nurse who examined A.C.P. during her initial hospital visit. Prater argues that Hart's testimony and records were inadmissible because they were hearsay, not made admissible under a medical exception, and that the outcry exception did not apply because Hart was not the outcry witness.

Prater complains of the admission of Hart's "clinical report," and of her testimony about the same matters. Hart was the nurse who initially triaged A.C.P. when she arrived at the hospital

---

[1]In this appeal, from trial court number 21975, he was convicted of indecency with a child by sexual contact. The other cause numbers involving A.C.P. are: 06-07-00188-CR, 06-07-00189-CR, 06-07-00190-CR, 06-07-00191-CR, and 06-07-00192-CR.

The two other convictions involve J.A.P. as the victim, in 06-07-00193-CR and T.L.P. as the victim in 06-07-00194-CR.

The arguments addressed in this opinion do not apply to the last two cases.

complaining of "vaginal itching," "possible pregnancy," and a "history of alleged sexual assault by her father." Hart did a general physical examination, although not a genital examination, and wrote down A.C.P.'s statements to her as a part of that process. Hart testified that she took the statements down as part of information gathering for the purpose of medical treatment or diagnosis.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Hearsay testimony is generally inadmissible at trial. TEX. R. EVID. 802. Texas Rule of Evidence 803(4) provides an exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." TEX. R. EVID. 803(4).

It is apparent that the testimony was hearsay. There is no indication or argument made that Hart was the outcry witness in this case. Thus, the question is whether the court abused its discretion by allowing the testimony under the medical diagnosis or treatment exception to the hearsay rule. We review a trial court's admission or exclusion of evidence for abuse of discretion. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id*.

As specified by the rule, the crucial issue under Rule 803(4) of the Texas Rules of Evidence is whether the out-of-court statement was reasonably pertinent to medical diagnosis or treatment.

3

*Gregory v. State*, 56 S.W.3d 164, 183 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd). *Compare Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004) (exception inapplicable when no evidence showed victim was seeking medical treatment).

Prater argues that, because of the nature of the complaints, it was apparent that the child would be transferred to another facility and that this hospital would provide no medical care or diagnosis, the report was outside the scope of the rule. We find this argument unpersuasive. The medical treatment exception to the hearsay rule is based on the assumption that the patient appreciates that the effectiveness of the treatment may depend on the accuracy of the information provided to the medical provider. *Fleming v. State*, 819 S.W.2d 237, 247 (Tex. App.—Austin 1991, pet. ref'd) citing *McCormick on Evidence* § 292 (3d ed. 1984). Since proper medical treatment depends on a reliable diagnosis, patients have a strong motivation to be truthful. *See* Cathy Cochran, *Texas Rules of Evidence Handbook*, art. VIII, at 854 (7th ed. 2007). Here, there is no suggestion that the child was aware of any hospital policy concerning transferring patients reporting a sexual assault. The evidence shows the child appeared at this hospital for diagnosis and treatment and provided the nurse information that would assist medical personnel to properly diagnose and treat her. It is clear that the determination of transferring the child would not be made until after the review by the nurse was complete.

The nature of the statements made is in each instance connected with the complaints that A.C.P. made in the course of seeking medical care. We cannot say that the court's determination that

the evidence was admissible was outside the zone of reasonable disagreement.  Accordingly, no abuse of discretion has been shown, and the contention of error is overruled.

We affirm the judgment.


Jack Carter
Justice

Date Submitted:	August 8, 2008
Date Decided:	September 15, 2008

Do Not Publish